UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM D. GOWER,<br>    Plaintiff, | )<br>)<br>) Civil Action No. 1:07-0043 |
| v. | ) Judge Wiseman/Brown<br>) |
| MICHAEL ASTRUE,<br>Commissioner of Social Security,<br>    Defendant. | )<br>)<br>) |

To:   The Honorable Thomas A. Wiseman, Jr., Senior Judge

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Disability Insurance Benefits ("DIB") as provided under Title II of the Social Security Act as amended. The case is currently pending on plaintiff's motion for judgment on the administrative record. (Docket Entry No. 18). For the reasons stated below, the Magistrate Judge recommends that Plaintiff's Motion for Judgment on the Administrative Record be GRANTED, and that the decision of the Commissioner be REVERSED. Further, the Magistrate Judge recommends that this case be remanded to the Secretary for an award of benefits.

## I. INTRODUCTION

Plaintiff protectively filed his application for DIB on September 3, 1993, alleging disability since October 30, 1992, due to pain in his foot, leg, and back due to residual chronic pain from a gunshot would to his left thigh which occurred in 1957 when he was approximately 10 years old. (Tr. 76-79, 454). Plaintiff's application was denied initially and upon reconsideration. (Tr. 80-90,

1

97-98). Plaintiff filed a timely request for a hearing by an administrative law judge ("ALJ") and a hearing was held on February 9, 1995. (Tr. 189-222). ALJ Robert C. Laws issued an unfavorable decision, finding that Plaintiff had the residual functional capacity ("RFC") to perform his past relevant work as a property manager and house sitter. (Tr. 6-15). Plaintiff appealed that decision to the Appeals Council ("AC"), which denied review of the case. (Tr. 3-4). Plaintiff then appealed to the District Court which granted summary judgment to the Commissioner on October 26, 1999. (Tr. 453). Plaintiff appealed the District Court's decision to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). On April 11, 2001, the Sixth Circuit remanded the case back to the AC "for a determination as to whether Defendant can demonstrate that there is work in the national economy that Plaintiff can perform." (Tr. 453).

In accordance with the Sixth Circuit remand, on March 28, 2005, a second hearing in this matter was held before ALJ Robert C. Haynes. (Tr. 551-604). ALJ Haynes then reviewed the Plaintiff's claim *de novo*, issuing an unfavorable decision on May 11, 2007. (Tr. 241-249). Plaintiff appealed this decision to the AC, who declined review, thereby rendering it the final decision of the Commissioner. (Tr. 223-225). This civil action was thereafter timely filed and the Court has jurisdiction. 42 U.S.C. § 405(g). If the Commissioner's findings are supported by substantial evidence, based on the record as a whole, then these findings are conclusive. Id.

## II. REVIEW OF THE RECORD[1]

Plaintiff alleges one main error: that ALJ Haynes failed to follow the Sixth Circuit

---

[1]There is no need to draft an entire review of the record in detail here as the main issue is the scope of the Sixth Circuit's remand order. However, the Magistrate Judge has reviewed the entire record in this matter and has cited to the record in this report and recommendation as needed.

2

mandate. (Docket Entry 19). Specifically, Plaintiff advances that ALJ Haynes erred by considering the case *de novo*, when the Sixth Circuit remanded the case solely for a "determination as to whether Defendant can demonstrate that there is work in the national economy that Plaintiff can perform." (Tr. 453). Plaintiff argues that ALJ Haynes was bound by the Sixth Circuit's conclusion "...that Plaintiff established a *prima facie* [case] through step four of the analysis." (Tr. 463). As a result of this determination, Plaintiff advances that ALJ Haynes did not have the authority to determine a new residual functional capacity ("RFC") at step four and/or to make a decision *de novo*. (Tr. 463). Plaintiff advances that ALJ Haynes should have made only a step five determination, using ALJ Laws' findings through step four.

Defendant responds that the Sixth Circuit has recognized the ALJ's authority to go beyond the scope of a remand order provided his decision does not expressly or impliedly contradict the remand order, citing *Hollins v. Massanari*, 49 Fed. Appx. 533, 536 (6th Cir. 2002). Defendant advances that the Sixth Circuit's finding that Plaintiff had established a *prima facie* case through step four did not act as an express or implied decision on Plaintiff's RFC. (Docket Entry 26, Page 7). Defendant further argues that because new evidence was considered by the second ALJ, including additional medical evidence as well as testimony from a second hearing, a reconsideration of the entire record was appropriate. (Docket Entry 26, Page 8).

### III. CONCLUSIONS OF LAW

In spite of the assertions by ALJ Haynes and the Defendant to the contrary, it is very clear to the Magistrate Judge that the Sixth Circuit found, in very plain language, that, "Because we conclude that Plaintiff established a *prima facie* [case] through step four of the analysis, we remand the case for a determination as to whether Defendant is able to demonstrate that there is work in the

3

national economy that Plaintiff is able to perform under step five." (Tr. 453, 463). The Magistrate Judge does not understand how the Defendant can even attempt to make an argument that this is not a clear mandate or that it somehow permitted a review of the case *de novo*. Defendant cites the *Hollins* case in support of it's proposition. However, in *Hollins*, the remanding district court did not a issue a final decision on the merits regarding the Plaintiff's physical impairments and RFC. *Hollins*, 49 Fed. Appx at 535. Further, the district court did not issue a remand order for evaluation at a specific step. *Id.* This is clearly not the case here given the Sixth Circuit's language as stated above. Further, it is made even clearer that the Sixth Circuit remanded the case solely for a step five determination when reviewing the concurring opinion, where Judge Batchelder concluded that she would remand the case for a step four and subsequent step five analysis. (Tr. 464). This demonstrates that the majority intended and clearly expressed that this case was to be remanded solely for a review at step five.

As such, ALJ Haynes did not comply with the Sixth Circuit's mandate. Therefore, at this point, the Magistrate Judge has two recommendation options: (1) remand the case for a step five determination as intended by the Sixth Circuit using ALJ Laws' findings through step four or (2) order an award of benefits. In the instant case, the Magistrate Judge recommends that latter.

If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. . .A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking. *Facuher v. Secretary of Health & Human Services*, 17 F.3d 171, 176 (6th Cir. 1994).

4

The Sixth Circuit found that Plaintiff had established a *prima facie* case of disability through step four. (Tr. 463). Further, ALJ Laws' determined that Plaintiff's RFC was as follows:

> The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for lifting more than fifteen pounds frequently or twenty-five pounds occasionally. He cannot climb, kneel or crawl, although he can go up and down steps, and he can walk for one hour, stand for two hours and sit for three hours in eight-hour work day. (Tr. 14).

When reviewing the VE's testimony from the most recent hearing in this matter held by ALJ Haynes, it is apparent that Defendant will not be able to establish that Plaintiff can perform his past relevant work as a property manager and/or house sitter. When asked about a similar RFC to the one above, the VE concluded that Plaintiff would be unable to perform work as a house sitter because of the postural limitations. (Tr. 584-586). Specifically, the VE testified that as a house sitter Plaintiff would "have to do some bending and climbing and, you know, just some activities. So I don't think he could do the house sitting." (Tr. 586). Further, the VE concluded that the limitations as described above would allow less than full time work and would allow only a limited range of light work. (Tr. 584-585). As such, the Magistrate Judge concludes that Defendant has not and cannot demonstrate that there is work in the national economy that Plaintiff is able to perform under step five.

Therefore, the Magistrate Judge finds that all essential factual issues have been resolved and the record adequately establishes Plaintiff's entitlement to benefits. There is a strong proof of disability and there is no significant evidence to the contrary. Further, Plaintiff filed his initial application in this matter over fourteen years ago. Consequently, the Magistrate Judge recommends that the District Judge remand for an award of benefits.

## IV. RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that Plaintiff's Motion for

Judgment on the Administrative Record be GRANTED, and that the decision of the Commissioner be REVERSED. The Magistrate Judge recommends that this case be remanded to the Secretary for an award of benefits.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004 (en banc).

ENTERED this 2nd day of June 2008.

JOE B. BROWN
United States Magistrate Judge

6